IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00049-BNB

LARRY JAMES SMITH, SR.,

    Plaintiff,

v.

MICHELE LAPORTE,
CAROL SOARES,
MARK BROADDUS,
SCOTT HALL,
CHARLES FOSNOT,
JOE ORTIZ, Executive Director, and
COLO. DEPT. OF CORRECTIONS,

    Defendants.

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

**FEB 15 2008**

GREGORY C. LANGHAM
              CLERK

---

## ORDER OF DISMISSAL

---

Plaintiff Larry James Smith, Sr., is a prisoner in the custody of the Colorado

Department of Corrections (DOC) at the Limon Correctional Facility at Limon, Colorado.

Mr. Smith has filed *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983 alleging

that his rights under the United States Constitution have been violated. As relief Mr.

Smith seeks an order halting his restitution payments and reimbursement of the funds

already taken to pay restitution.

Mr. Smith has been granted leave to proceed *in forma pauperis* pursuant to 28

U.S.C. § 1915. Pursuant to § 1915(e)(2)(B)(i), the Court must dismiss the complaint at

any time if the claims asserted are legally frivolous. A legally frivolous claim is one in

which the plaintiff asserts the violation of a legal interest that clearly does not exist or in

which he asserts facts that do not support an arguable claim. **See Neitzke v. Williams**, 490 U.S. 319, 324 (1989). For the reasons stated below, the Court will dismiss the complaint as legally frivolous.

The Court must construe the complaint liberally because Mr. Smith is not represented by an attorney. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). If the complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." **Hall**, 935 F.2d at 1110. However, the Court should not be an advocate for a **pro se** litigant. **See id**.

Mr. Smith alleges that he was convicted of fighting at a prison disciplinary hearing in August 2005 and that one of the sanctions imposed as a result of the disciplinary conviction was monetary restitution in the amount of $2,965.45. Mr. Smith asserts that the amount of restitution he was ordered to pay was one-half of the total cost of the damaged property and the medical services provided to himself and the other inmate involved in the fight. Mr. Smith contends that the DOC now is withholding seventy percent of the money deposited into his inmate account to pay the restitution he owes. Based on the documents attached to the complaint, it appears that fifty percent of Mr. Smith's deposits are withheld to pay the restitution arising out of the prison disciplinary proceeding and twenty percent of his deposits are withheld to pay restitution arising out of his criminal case.

Mr. Smith is not challenging in this action the restitution that he was ordered to pay as part of his criminal case. Instead, he claims that this constitutional rights have been violated because the DOC lacks authority to impose monetary restitution as a sanction for a disciplinary offense. He apparently asserts this first claim as a violation of the constitutional principle of separation of powers. Mr. Smith also claims that withholding money deposited into his inmate account to pay the restitution imposed as a disciplinary sanction violates his right to due process. Finally, Mr. Smith makes a vague and conclusory reference to equal protection in the complaint. The Court will not address the merits of any equal protection arguments because Mr. Smith does not assert any facts that arguably could state a claim that he has been denied equal protection.

Mr. Smith's separation of powers claim lacks merit. Mr. Smith argues that the restitution order violates his rights because it is not authorized by state law. However, the DOC Code of Penal Discipline specifically authorizes imposition of monetary restitution as a sanction under circumstances where property is destroyed and medical services are provided. *See* DOC Administrative Regulation 150-4(IV)(E)(3)(p)(4). The constitutional principle of separation of powers is not violated by the fact that restitution was ordered as a sanction in connection with an administrative disciplinary hearing. Therefore, this claim will be dismissed as legally frivolous.

The Court also finds that Mr. Smith's due process claim is legally frivolous. The Constitution guarantees due process when a person is to be deprived of life, liberty, or property. *See Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994). Mr. Smith has a constitutionally protected property interest in the funds in his inmate account. *See*

3

*Gillihan v. Shillinger*, 872 F.2d 935 (10th Cir. 1989). However, he was not deprived of those funds without due process. Instead, Mr. Smith was ordered to pay restitution following a prison disciplinary hearing. Mr. Smith does not allege, and there is no indication in the file, that the prison disciplinary hearing did not comply with the requirements established by the United States Supreme Court in *Wolff v. McDonnell*, 418 U.S. 539, 563-66 (1974) (holding that adequate due process at a prison disciplinary hearing requires only that a prisoner be provided with advance written notice of the charges, an opportunity to call witnesses and present documentary evidence in his defense if doing so would not be unduly hazardous to institutional safety or correctional goals, and a written statement by the factfinders of the reasons for the decision and the evidence on which they relied). Therefore, because Mr. Smith fails to allege facts that could support an arguable due process claim based on the withholding of money deposited into his inmate account to pay restitution, the due process claim will be dismissed. Accordingly, it is

ORDERED that complaint and the action are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

DATED at Denver, Colorado, this 14 day of February, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-00049-BNB

Larry James Smith, Sr.
Prisoner No. 114825
Limon Correctional Facility
49030 State Hwy. 71
Limon, CO 80826

     I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on _2/15/08_

GREGORY C. LANGHAM, CLERK

By:_____
           Deputy Clerk